UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 BRADLEY A. DUMONT
 United States Army, Appellant

 ARMY 20080516

 Headquarters, United States Army Aberdeen Proving Grounds
 Michael Nelson, Military Judge
 Lieutenant Colonel Don F. Pollack, Staff Judge Advocate (pretrial)
 Major Richard L. Hatfield, Acting Staff Judge Advocate (recommendation)
 Lieutenant Colonel Bobbi J.W. Davis, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Major Grace M.
Gallagher, JA; Captain Alison L. Gregoire, JA (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Major Christopher
B. Burges, JA (on brief).

 30 April 2009

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of possession of marijuana with the
intent to distribute in violation of Article 112a, Uniform Code of Military
Justice, 10 U.S.C. §§ 912 [hereinafter UCMJ]. The military judge sentenced
appellant, inter alia, to confinement for two months and awarded appellant
with sixty-five (65) days of pretrial confinement credit and five (5)
additional days confinement credit in accordance with Rule for Courts-
Martial (R.C.M.) 305(k) against appellant’s sentence to confinement. The
convening authority approved the adjudged sentence and “credited appellant
with 70 days of pretrial confinement credit against the approved sentence
to confinement.” The action, however, failed to distinguish between the
two different confinement credits awarded by the military judge. This case
is before the court for review pursuant to Article 66, UCMJ.

 At trial, appellant and the government explicitly agreed that five
days R.C.M. 305(k) credit properly addressed the government’s failure to
comply with its obligations under R.C.M. 305(h). On appeal, appellant
argues and the government concedes that the convening authority failed to
properly apply the R.C.M. 305(k) credit and appellant is entitled to
relief. Appellant and the government, however, disagree on the appropriate
remedy.

 Rule for Courts-Martial 305(k) states that “if the confinement
adjudged is insufficient to offset all the credit to which the accused is
entitled, the credit shall be applied against hard labor without
confinement, restriction, fine, and forfeiture of pay, in that order.”
Because the military judge did not sentence appellant to hard labor without
confinement, restriction, or a fine, the credit should have been applied
against appellant’s “forfeiture of pay.” The convening authority, however,
failed to apply the credit to appellant’s forfeiture of pay and,
consequently, appellant has already forfeited $800 pay per month for two
months. Appellant is now entitled to relief based upon the amount of pay
that he inappropriately forfeited. Rule for Courts-Martial 305(k) states
that “1 day of confinement shall be equal to one day of total forfeiture or
a like amount of fine.” Consequently, appellant is entitled to receive an
amount equal to five days pay.

 The findings of guilty and sentence are affirmed. An administrative
credit of an additional five days, equating to five days pay at the E1
rate, will be applied against the forfeiture of pay affirmed by this court.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court